IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 16-235-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

1. **Background.** Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) The application appears to challenge: (1) petitioner's 2010 convictions in the Delaware Court of Common Pleas (ID No. 0902010151) for third degree assault, malicious interference with emergency communications, menacing, three counts of offensive touching, criminal mischief, and disorderly conduct; and (2) petitioner's 2010 convictions in the Delaware Superior Court (ID No. 09080201496) for aggravated menacing, possession of a deadly weapon during the commission of a felony, and terroristic threatening. The application asserts the following five grounds for relief: (1) he was provided with ineffective assistance of counsel in both of his State criminal proceedings; (2) the State failed to disclose favorable evidence about petitioner to the "next court" in both of his State criminal proceedings; (3) he was denied his right to appeal from his 2010 Court of Common Pleas (ID No. 0902010151) convictions; (4) the appointed counsel in his direct appeal from his Superior Court (ID No. 09080201496) convictions was "bizarre" and biased

against him; and (4) his convictions in both State criminal proceedings are illegal because the State "secretly" concealed petitioner's mental health evaluation report from him, which shows that he was unable to defend himself. (D.I. 1 at 1-5)

2. **Standard of Review.** Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of § 2244 if the prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

3. **Discussion.** To the extent petitioner challenges his 2010 convictions in the Delaware Court of Common Pleas (ID No. 0902010151), he has already requested, and has been denied, habeas relief with respect to those same 2010 convictions on one prior occasion. *See Kostyshyn v. Morgan*, 2014 WL 1466599 (D. Del. Apr. 15, 2014). This court denied as time-barred petitioner's first application challenging his Court of Common Please convictions, which constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive applications. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005). Therefore, the court concludes that the instant application constitutes a second or successive habeas application to the

extent it relates to petitioner's Court of Common Pleas (ID No. 0902010151) convictions. *See Benchoff*, 404 F.3d at 817-18.

4. The record reveals that petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. § 2244(b)(1). Accordingly, the court will dismiss claim three of the instant application for lack of jurisdiction. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). In addition, to the extent claims one, two, four, and five challenge petitioner's 2010 convictions in the Court of Common Pleas (ID No. ID No. 0902010151), the court lacks jurisdiction to consider them.[1]

5. The court will also decline to issue a certificate of appealability with respect to its decision regarding petitioner's instant challenges to his 2010 convictions in the Court of Common Pleas (ID No. ID No. 0902010151), because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

6. However, the instant application will remain pending to the extent claims one, two, four, and five challenge petitioner's 2010 convictions in the Delaware Superior Court (ID No. 09080201496). Although petitioner's first habeas application also

---

[1] Moreover, petitioner cannot challenge two different judgments of conviction rendered by two different Delaware State courts in one habeas application. *See* Rules Governing Section 2254 Cases, Rule 2(e), 28 U.S.C. foll. § 2254.

contained claims challenging his 2010 convictions in the Delaware Superior Court (ID No. 09080201496), the court dismissed those claims without prejudice for failure to exhaust state remedies. *See Kostyshyn v. Markell*, 2014 WL 664186 (D. Del. Feb. 19, 2014). A dismissal without prejudice does not constitute an adjudication on the merits for § 2244 purposes and, therefore, does not trigger the gate-keeping rules on second or successive applications. *See, e.g., Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-46 (1998).

7. **Conclusion.** For the above reasons, the court will dismiss claim three in the application as second or successive. To the extent claims one, two, four, and five challenge petitioner's 2010 convictions in the Delaware Court of Common Pleas (ID No. 0902010151), they also constitute second or successive claims, and the court will not consider them. However, to the extent claims one, two, four, and five challenge petitioner's convictions in the Delaware Superior Court (ID No. 09080201496), they will remain pending before the court in the instant proceeding. A separate order shall issue.

Dated: September 9, 2016

_____
UNITED STATES DISTRICT JUDGE