IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civ. No. 16-235-SLR ) |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) |
| Respondents. | ) ) |

**MEMORANDUM**

1. **Background**. Petitioner filed two motions in his habeas proceeding. The first motion seeks leave to proceed in forma pauperis; representation by counsel; and injunctive relief in the form of returning his legal files and legal supplies. (D.I. 3) The second motion is titled "emergency petition for injunctive relief due to cruel and inhumane treatment", but merely reasserts his request that his legal documents and supplies be returned to him. (D.I. 4) Petitioner's "emergency petition" also asks the court to "implement" email contact with him and have the warden meet with him personally. (D.I. 4 at 1)

2. **Standards of Review**. Pursuant to 28 U.S.C. § 1915(a)(1), leave to proceed in forma pauperis may be granted to a "person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Pursuant to § 1915(a)(2), in addition to filing the aforementioned affidavit, a prisoner seeking in forma pauperis status "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the

prisoner for the 6-month period immediately preceding the filing of the complaint [],  obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

3. In turn, it is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

4. Finally, an injunction or temporary restraining order is an extraordinary remedy[1] that is only available when the movant establishes the following four elements: (1) he is likely to succeed on the merits; (2) denial will result in his irreparable injury; (3) granting the injunction will not irreparably harm the nonmoving party; and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997); *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)(a

---

[1] *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

movant's failure to establish any one of these four factors renders injunctive relief improper). Given the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009).

5. **Discussion.** Petitioner's motion for leave to proceed in forma pauperis is denied. To begin, petitioner has failed to provide the court with a trust fund statement from the institution in which he is incarcerated. More importantly, however, the court takes judicial notice of two Delaware court cases demonstrating that petitioner is not indigent. On June 9, 2015, the Delaware Supreme Court took note of petitioner's 2013 bankruptcy petition reflecting that he had close to $2 million in assets and described how petitioner was alleged to have falsely claimed to be a pauper. *See Kostyshyn v. State*, 2015 WL 36472723, at *1 (Del. June 9, 2015). On April 2013, the Delaware Supreme Court denied petitioner's motion to proceed in forma pauperis based upon factual findings of the Superior Court regarding his assets, which include unclaimed monies held by the Superior Court totaling almost $70,000. *See Kostyshyn v. State*, 2013 WL 1857541 (Del. Apr. 30, 2013). Given these circumstances, petitioner's motion for leave to proceed in forma pauperis does not demonstrate he is unable to pay the required filing fee.

6. Petitioner's request for representation by counsel is dismissed without prejudice to renew. Petitioner's sole statement that "I move for appointment of counsel" does not persuade the court that the interests of justice require representation of counsel at this time. Additionally, petitioner's other filings in this case demonstrate his

ability to sufficiently articulate his arguments, and it does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations. Nevertheless, the court is willing to revisit this issue either sua sponte or upon proper motion should it subsequently appear that the complexity of the factual issues or the need for additional legal briefing require the representation by counsel at a later date. *See Tabron*, 6 F.3d at 156 (recognizing that, under § 1915, the court may *sua sponte* seek representation for a litigant at "any point in the litigation").

7. Finally, petitioner's request for injunctive relief in the form of returning his legal files and legal supplies, providing email service, and arranging a meeting with the warden, is denied. (D.I. 3 at 5; D.I. 4 at 1) Petitioner has not shown that he suffers an irreparable harm, especially considering that he was capable of drafting and filing the habeas application presently pending before the court without the aforementioned items. Petitioner has also failed to demonstrate a likelihood of success on the merits.

8. **Conclusion.** For the above reasons, the court will deny petitioner's motion for leave to proceed in forma pauperis (D.I. 3) and his motions for injunctive relief (D.I. 3; D.I. 4), and dismiss without prejudice his motion seeking representation by counsel (D.I. 3 at 5). A separate order shall issue.

Dated: January 23, 2017

_____
UNITED STATES DISTRICT JUDGE