IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PETER KOSTYSHYN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 16-235-LPS |
| | : | |
| DANA METZGER, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### I. INTRODUCTION

Pending before the Court is Petitioner Peter Kostyshyn's Motion For Reargument (hereinafter referred to as "Motion for Reconsideration") asking the Court to reconsider its denial of his § 2254 Petition. (D.I. 53) For the reasons discussed, the Court will deny the Motion.

### II. BACKGROUND

On March 19, 2018, the Court denied Petitioner's § 2254 Petition after determining that the Claims asserted therein either failed to satisfy § 2254(d) or were procedurally barred. (D.I. 55; D.I. 56) The Court also simultaneously dismissed as moot Petitioner's numerous motions that were pending on that date. (D.I. 55 at 16-17; D.I. 56) On March 26, 2018, Petitioner filed a Motion to Appoint Counsel (D.I. 57), and then filed a second Motion to Appoint Counsel on April 27, 2018 (D.I. 63). On April 2, 2018, Petitioner filed the instant Motion for Reconsideration (D.I. 53) along with a Notice of Appeal. (D.I. 59) The Third Circuit Court of Appeals issued an Order on April 5, 2018, staying Movant's appeal until the disposition of the Motion for Reconsideration. (D.I. 62) Petitioner also filed a Motion for Records on May 23, 2018. (D.I. 65)

## III. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Notably, when a motion for reconsideration is filed within 28 days of the entry of judgment, it must be considered under Rule 59(e), not Rule 60(b). *See* Fed. R. Civ. P. 59(e) advisory committee's note (2009 amend.) (expanding the former 10 day time period for filing a motion to alter or amend a judgment to 28 days); *Rankin v. Hunter*, 761 F.2d 936, 942 (3d Cir. 1985) (holding that "[r]egardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e)").

## IV. DISCUSSION

The Court will treat the instant Motion as though filed pursuant to Rule 59(e) because Petitioner filed it within 28 days after the entry of judgment. In his Motion, Petitioner alleges that he was unable to prove his innocence because he was denied access to court records and denied his right to counsel. These allegations do not assert any intervening change in law, the availability of

2

previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration of the Court's denial of the § 2254 Petition. Accordingly, the Court will deny Petitioner's Motion for Reconsideration

## V.     PENDING MOTIONS

Petitioner filed two Motions to Appoint Counsel (D.I. 57; D.I. 63) and a Motion for Records (D.I. 65) after the Court denied his Petition and the case was closed. Given its conclusion that it must deny Petitioner's Motion for Reconsideration, the Court will dismiss those Motions as moot because Petitioner's case is no longer pending.

## VI.    CONCLUSION

For the aforementioned reasons, the Court will deny the instant Motion for Reconsideration. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

A separate Order will be entered.

Dated: May 29, 2018

UNITED STATES DISTRICT JUDGE

3